# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| BRIAN D. HASTINGS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: GLR-10-3375 |
| | * | |
| ONEWEST BANK, FSB, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Brian Hastings ("Plaintiff") has filed suit against OneWest Bank, FSB ("OneWest"), alleging that OneWest breached an agreement to modify his mortgage loan.[1] Def.'s Mot. 1.  Plaintiff's Complaint alleges that OneWest unilaterally rescinded the parties' loan modification agreement, and that this conduct resulted in pecuniary damages to Plaintiff.  This Memorandum Opinion addresses OneWest's Motion to Compel, [ECF No. 47], the opposition, and the reply thereto.  I find that a hearing is unnecessary in this case.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons stated herein, OneWest's Motion to Compel is GRANTED IN PART and DENIED IN PART.

On November 29, 2012, OneWest propounded Interrogatories and a Request for Production of Documents.  Plaintiff's responses to these requests were due by January 2, 2013.  Having not received the requested discovery, on January 8, 2013, OneWest's counsel contacted counsel for Plaintiff.  Plaintiff's counsel responded by email dated January 9, 2013, but rather

---

[1] This case has been referred to me by Judge Russell to resolve discovery disputes. Specifically, ECF 47, Motion to Compel.  [ECF No. 52].

than provide justification for his failure to respond, or request an extension of time to meet his discovery obligations, he merely inquired whether OneWest preferred that he respond to discovery or engage in settlement negotiations.  *See* Def.'s Mot., Ex. B.  In doing so, Plaintiff's counsel suggested that the options were exclusive of one another.  *See* Def.'s Mot., Ex. B.  OneWest promptly sought clarification, but Plaintiff's counsel again failed to respond.  The instant motion predictably followed on January 18, 2013.  On February 5, 2013, during briefing of the instant motion, Plaintiff served discovery responses.  However, Plaintiff refused to produce tax returns and related documents in response to OneWest's Document Request # 2.  The remaining issues for this Court's consideration, then, are (1) the response to Document Request # 2 and (2) a prospective award of attorney's fees or costs.

**A.     Document Request # 2**

OneWest's Document Request # 2 seeks "[c]opies of [Plaintiff's] federal income tax return for all years 2008 through the present, including W-2 forms, 1099s, schedules and other forms attached thereto."  Def.'s Reply, Ex. A.  In response to Document Request # 2, Plaintiff stated that he "objects to the request and respectfully refuses to produce the requested documents on the grounds that such documents are irrelevant to any claim asserted by the Plaintiff."  *Id.*

All document requests must seek information within the scope of permissible discovery. Fed. R. Civ. P. 34(a).  The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401.  The relevant information sought "need not be admissible at . . . trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Additionally, the Federal Rules

require that "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). This court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Although the Fourth Circuit has not developed a clear rule as to the discoverability of tax returns, in general, disclosure of tax returns is disfavored. *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *4 (N.D. W.Va., Sept. 10, 2010) ("judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns"); *see also Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982) ("a 'qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy"). "The majority rule that has emerged from federal case law is that a two-prong test should be applied to determine if the qualified privilege protecting tax returns is overcome." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02CV00146, 2004 WL 444570, at *2 (M.D.N.C., Feb. 24, 2004); *see also Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216-17 (W.D. Va. 1997). "Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources." *Interstate Narrow*, 2004 WL 444570, at *2. The party seeking disclosure carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of the information. *Id.*

In the instant case, OneWest has not met its burden to show that the tax returns are relevant. OneWest has not explained, and this Court is unable to discern, why Plaintiff's personal tax returns would be relevant to the claims and defenses in this breach of contract case. Any information relevant to the Plaintiff's financial condition likely will be provided in response to OneWest's other document requests, specifically Numbers 8, 10, 11, and 15. Moreover, while there may be cases in which a party's tax returns may be discoverable, disclosure should not be ordered without a showing, absent here, why less intrusive financial information would not suffice. Therefore, in the absence of any articulated reason to believe that the information in the tax returns will be relevant to OneWest's case, the motion to compel a response to Document Request # 2 is denied.

**B.      Sanctions**

OneWest submits that an award of attorney's fees, costs and other substantive sanctions would be appropriate to remedy Plaintiff's failure to comply with discovery obligations. According to Rule 37(d), "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The deadlines imposed by the Federal and Local Rules for responding to discovery requests are meaningful, and "counsel disregard these rules at their peril." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997).

In determining what sanctions are appropriate, the Court must consider the extent of prejudice, if any, along with the degree of culpability. *Victor Stanley*, 269 F.R.D. 497, 533 (D. Md. 2010). "The harshest sanctions may apply not only when both severe prejudice and bad faith are present, but also when, for example, culpability is minimally present, if there is a

considerable showing of prejudice, or, alternatively, the prejudice is minimal but the culpability is great." *Id.* Less severe sanctions include costs, attorney's fees, and fines, which not only compensate the prejudiced party but also punish the offending party for its actions, hoping to deter the litigant's conduct. *Id.* at 536 (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d at 467, 471 (S.D.N.Y. 2010)). The court must "impose the least harsh sanction that can provide an adequate remedy." *Victor Stanley*, 269 F.R.D. at 534 (quoting *Pension Comm.*, 685 F. Supp. 2d at 469). The various sanctions sought by OneWest are addressed below.

### 1. Reasonable Attorney's Fees and Costs

Pursuant to Rule 37, the Court "must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiff argues that OneWest's motion to compel is moot, because Plaintiff responded fully to OneWest's discovery on February 5, 2013. Pl.'s Opp'n. at 1-2. Contrary to this assertion, however, "[u]nder Rule 37, if requested discovery is provided after a motion to compel is filed, unless an exception applies, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Lynn v. Monarch Recovery Mgmt.*, 285 F.R.D. 350, 365 (D. Md. 2012).

Here, Plaintiff's counsel does not dispute that sanctions in the form of an award of attorney's fees may be appropriate. Rather, he concedes that any sanction imposed should be solely his responsibility and not the Plaintiff's individually, because the delay was attributable to counsel's illness and schedule. Pl.'s Opp'n. 2. The Court is of the tentative view that an award

to OneWest of its attorney's fees and costs in conjunction with pursuing the Motion to Compel, is appropriate, to be paid by Plaintiff's counsel personally.   To that end, OneWest must submit a statement of applicable fees and costs, including an itemization of hours and amounts, within thirty (30) days of the date of this Memorandum.   A proportional reduction for the amount of time spent addressing Document Request # 2 is appropriate, because that relief was denied. Plaintiff's counsel then will be allowed fourteen (14) days to file a written opposition to the award and the amount of fees sought.

### 2.   Other Sanctions

OneWest asks that this Court consider precluding Plaintiff from offering evidence, including testimony, as to any damages allegedly suffered as a consequence of Plaintiff's failure to respond to discovery requests.   Def.'s Mot. 5-6.   OneWest maintains that this requested evidence "goes to the heart of Plaintiff's claim," and that Plaintiff's failure to respond has precluded OneWest from preparing a response.   *Robertson v. Deco Security, Inc.*, No. WDQ-09-3093, 2010 U.S. Dist. LEXIS 100795, at *13 (D. Md. Sept. 22, 2010).   As a result, OneWest contends that it has suffered prejudice by experiencing an inability to assess the reasonableness of Plaintiff's settlement demand and difficulty preparing to depose Plaintiff.   Def.'s Mot. 5.

District courts may impose a variety of sanctions under Rule 37(d) as part of the "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Robertson*, 2010 U.S. Dist. LEXIS 100795, at *4 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)).   Rule 37(b)(2) provides a non-exclusive list of possible sanctions, including that certain facts be taken as established at trial; that a party may be precluded from offering certain evidence;   that pleadings may be stricken or the action dismissed with prejudice.   *See* Fed. R. Civ. P. 37(b)(2)(A) and (d)(3).   However, because of the possible impact of Rule 37 sanctions,

courts do not enjoy unfettered discretion in imposing them.  *Thompson v. U.S. Dept. of Hous. & Urban Dev.*, 219 F.R.D. 93, 102 (D. Md. 2003).

The sanctions requested by OneWest are quite harsh.  Precluding evidence typically requires some strong evidence of prejudice.  *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC 09-2357, 2011 WL 1559308, at *6 (D. Md. Apr. 25, 2011).  "Preclusion is a harsh sanction preserved for exceptional cases where . . . a party's failure to provide the requested discovery results in prejudice to the resulting party."  *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010).  While there certainly is some degree of delay resulting from Plaintiff's questionable compliance with the mandates of discovery, I do not find that it amounts to prejudice sufficient to warrant imposing the harsh sanctions suggested by OneWest.  First, Plaintiff now has provided responses to OneWest's discovery requests.[2]  Second, the evidence is important to Plaintiff's case.  For the court to preclude evidence as to any alleged damages could prove fatal to Plaintiff's ability to prove his case.  *Thompson*, 219 F.R.D. at 104; *see also Khosmukhamedov v. Potomac Electric Power Co.*, No. AW-11-449, 2012 WL 1670152, at *4 (D. Md. May 11, 2012).  Whether and to what extent Plaintiff suffered damages as a result of OneWest's conduct are key issues in this case, and Plaintiff should be permitted to introduce evidence on these topics to counter OneWest's defenses.

OneWest next submits that additional discovery sanctions should be imposed against Plaintiff's counsel because of his improper connection of his discovery obligations to the ongoing settlement negotiations between the parties.  Def.'s Mot. 6.  Specifically, OneWest contends that Plaintiff attempted to hold his discovery responses hostage until he obtained a satisfactory response to his settlement demand.  *Id*. at 7.  In *Jayne H. Lee*, the plaintiff refused to

---

[2] If OneWest requires a reasonable scheduling modification to accommodate the late responses, the modification is likely to be granted when sought.

provide discovery because it contended that the defendant's discovery responses were inadequate and "unilaterally decided to hold the plaintiff's discovery responses hostage until he obtained discovery responses which met his satisfaction." *Jayne H. Lee*, 173 F.R.D. at 656.  The Court found this impropriety violated the Federal Rules of Procedure and determined that further sanctions likely were warranted. *Id.* at 656-57.  However, OneWest's reliance on *Jayne H. Lee* is flawed.

In this case, counsel for the plaintiff was unable to respond on time to OneWest's interrogatories and requests for production of documents because of his recent and serious illness coupled with a significant case load.  Beyond Counsel's email response to OneWest on January 9, 2013, indicating that he either could respond to discovery requests or engage in settlement negotiations, nothing suggests that he intended to withhold discovery responses for any reason other than his illness.  Moreover, unlike in *Jayne H. Lee*, nothing suggests that the reason Plaintiff did not respond to discovery requests was because OneWest also failed to respond to discovery requests. *Jayne H. Lee*, 173 F.R.D. at 656.  This is not a case where counsel is arguing that two wrongs make a right.  Accordingly, OneWest's argument is without merit and the Court will not impose further substantive or potentially case-dispositive sanctions.

For the reasons set forth above, OneWest's Motion to Compel And For Discovery Sanctions, will be granted in part and denied in part.  A separate order will be filed with this memorandum.

Dated: April 11, 2013                                              _____/s/_____

                                                                  Stephanie A. Gallagher
                                                                  United States Magistrate Judge

8